# SECTION 362 COVER SHEET

DEBTOR: Dorret Orinthia Williams

BANKRUPTCY NO. 10-15518-mkn

MOVANT: US Bank National Association, as successor in interest to Wachovia Bank, NA as Trustee  CHAPTER: 7

---

Certification of Attempt to Resolve the Matter Without Court Action:

Moving counsel hereby certifies that pursuant to the requirement of LR 4001(a)(2), the subject property has been identified as being surrendered in the plan and/or schedules, or an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: 4/7/2010    Signature: /s/ Christopher K. Lezak, Esq. Attorney for Movant

---

PROPERTY INVOLVED IN THIS MOTION: 9473 Huff Creek Court, Las Vegas, NV 89178

NOTICE SERVED ON: Debtor: Dorret Orinthia Williams; Debtor's counsel, Husna Alikhan; Trustee, Brian D. Shapiro.

DATE OF SERVICE:

| MOVING PARTY'S CONTENTIONS: | | | DEBTOR'S CONTENTIONS: |
|---|---|---|---|
| The EXTENT and PRIORITY OF LIENS: | | | The EXTENT and PRIORITY OF LIENS: |
| 1st  US Bank National Association, as successor in interest to Wachovia Bank, NA as Trustee | $ | 343,505.45 | 1st |
| 2nd  Saxon Mortgage | $ | 66,565.00 | 2nd |
| 3rd | $ | | 3rd |
| 4th | $ | | Other |
| Total Encumbrances: | $ | 410,070.45 | Total Encumbrances: |
| APPRAISAL or OPINION as to VALUE: | $ | 159,834.00 | APPRAISAL or OPINION as to VALUE: |
| **TERMS OF MOVANT'S CONTRACT with the DEBTOR** | | | **OFFER OF "ADEQUATE PROTECTION" for MOVANT:** |
| Amount of Note: $295,556.00<br>Interest Rate: 5.875%<br>Duration: 30 Years<br>Payment per month: $1,697.40<br>Date of Default : 06/01/08<br>Amount of Arrears: $47,949.46<br>Recording NOD:     NOS:<br>SPECIAL CIRCUMSTANCES: There is no equity in the property for the debtor.<br><br>Submitted by:  Christopher K. Lezak<br><br>Signature:  /s/ Christopher K. Lezak | | | SPECIAL CIRCUMSTANCES:<br><br><br><br>Submitted by:<br><br>Signature: |

FORM 362/10/95

INSTRUCTIONS
for Section 362 Cover Sheet

To expedite the hearing of Section 362 motions for relief from the automatic stay, the moving party shall complete and file with the motion a copy of this Cover Sheet.  The Cover Sheet requires a statement of the nature and extent of the liens on the Debtor's property at issue.  The movant must show at least the status of the issue.  The movant must show at least the status of the movant's lien and any senior liens.  At the Court's discretion, the motion may be denied if this exhibit has not been completed and filed, unless the information is not applicable (such as for motions to lift stay to allow pending litigation to proceed).

This Cover Sheet shall be attached to the front of the motion and a copy served on the debtor. The debtor shall indicate disagreement on the right of the Cover Sheet. The debtor shall file the completed Cover Sheet to the Debtor's formal response or opposition to the motion.

Special circumstances that would compel the granting or denial of the requested relief shall be set forth briefly on the bottom of this Cover Sheet and shall be explained more fully in the motion or response.

NOTICING REQUIREMENTS

The Court will not hear motions not properly noticed.  Unless the Court otherwise orders, twenty-eight (28) days notice of all motions for relief from the automatic stay must be served on the Debtor, the Debtor' attorney and, where applicable, the Chapter 7 trustee, the Chapter 13 standing trustee, or the Chapter 11 trustee.  See Bankruptcy Rules 4001, 9014, and 7004, and the Local Rules of Practice for the District of Nevada, LR 4001, and LR 9013.

| | |
|---|---|
| 1  Kristin A. Schuler-Hintz, Esq., SBN 7171 | E-filed: 4/7/2010 |

Kristin A. Schuler-Hintz, Esq., SBN 7171
Seth J. Adams, Esq., SBN 11034
Christopher K. Lezak, Esq., SBN  11185
McCarthy & Holthus, LLP
9510 West Sahara Avenue, Suite 110
Las Vegas, NV 89117
Phone (702) 685-0329 ext 3748
Fax (866) 339-5691
NVBK@McCarthyHolthus.com

Attorney for Secured Creditor,
US Bank National Association, as successor in interest to Wachovia Bank, NA as Trustee for GSAA Home Equity Trust 2005-14, its assignees and/or successors and the servicing agent WELLS FARGO BANK

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:                                    ) Case No. 10-15518-MKN
                                          )
Dorret Orinthia Williams,                 ) Chapter  7
                                          )
        Debtor.                           ) **US BANK NATIONAL ASSOCIATION, AS**
                                          ) **SUCCESSOR IN INTEREST TO**
                                          ) **WACHOVIA BANK, NA AS TRUSTEE**
                                          ) **FOR GSAA HOME EQUITY TRUST 2005-**
                                          ) **14'S MOTION FOR RELIEF FROM**
                                          ) **AUTOMATIC STAY**
                                          )
                                          ) HEARING:
                                          ) DATE:    05/12/10
                                          ) TIME:    01:30 pm
                                          ) CTRM:    2
                                          ) PLACE:   300 Las Vegas Boulevard South
                                          )          Las Vegas, NV 89101

**US BANK NATIONAL ASSOCIATION, AS SUCCESSOR IN INTEREST TO WACHOVIA BANK, NA AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2005-14**, its assignees and/or successors in interest ("Secured Creditor" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee

1

1  may, enforce its rights under applicable state law, or at its election, seek to modify the loan,
2  relative to the Note and Deed of Trust secured by the Debtor's property, commonly known as
3  9473 Huff Creek Court, Las Vegas, NV 89178 ("Property" herein).

4  Secured Creditor is the payee of a Promissory Note dated 09/01/2005, in the principal
5  amount of $295,556.00, which is secured by the Deed of Trust of the same date. **See Exhibit**
6  **"1"**.

7  The current market value of the Debtor's subject Property is $159,834.00, based upon the
8  Debtor's own value as set forth in Schedule A. **See Exhibit "2"**.

9  The property is further encumbered by a Second Trust Deed in favor of Saxon Mortgage,
10  in the approximate amount of $66,565.00, as set forth in Debtor's Schedule D. **See Exhibit "3"**.

11  Based upon Secured Creditors past practices, it is expected that the cost of sale of the
12  property will be at least eight to ten percent of the value of the property. In the present case, the
13  Debtor has no equity in the Property, as evidenced by the approximate market value compared to
14  the total liens against the Property, principally that of Secured Creditor herein and the other liens
15  as noted in this Motion.

|  |  |
|---|---:|
| Value | $ 159,834.00 |
| Total Liens to Secured Creditor | $ 343,505.45 |
| Junior Liens | $ 66,565.00 |
| Equity | $ (250,236.45) |

20  Based on the foregoing, Secured Creditor alleges that there is no equity in the subject
21  property, the subject property is not necessary for an effective reorganization, and Secured
22  Creditor is not adequately protected.

23  Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from
24  proceeding with the foreclosure of the subject Property. The Debtor is in substantial default with
25  post-petition payments. Accordingly, relief from the automatic stay should be granted to
26  Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

27  The Debtor filed this subject bankruptcy petition on 03/31/10.

Pursuant to the terms of the Deed of Trust, a payment received is applied to the account and credited to the next due payment. For example, a payment received in December will be applied to the November payment if no payment had been received in November.

With respect to Secured Creditor's Deed of Trust, the following is now due:

| | | | | | |
|---|---|---|---|---|---:|
| Unpaid Principal Balance: | | | | $ | 295,555.99 |
| **DELINQUENCIES** | | | | | |
| Monthly Payments: (06/01/08 through 10/01/09) | 17 | at | $1,781.79 | $ | 30,290.43 |
| Monthly Payments: (11/01/09 through 04/01/10) | 6 | at | $1,697.40 | $ | 10,184.40 |
| Late Charges: | | | | $ | 1,085.25 |
| Property Inspections: | | | | $ | 60.00 |
| Corporate Advances: | | | | $ | 5,529.38 |
| Bankruptcy Attorney Fee: | | | | $ | 650.00 |
| Bankruptcy Filing Fee: | | | | $ | 150.00 |
| **Total Delinquencies:** | | | | **$** | **47,949.46** |
| **Total Principal Balance and Delinquencies Due:** | | | | **$** | **343,505.45** |

The next scheduled monthly payment is due May 1, 2010, and continuing each month thereafter. Late charges will accrue if payment is not received by the 15th of the month when due.

No foreclosure action has been commenced as of this date against the property. A Notice of Default was recorded on 12/4/09 and was rescinded on 12/9/09.

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to pursue their rights under applicable State and Federal Law to recover the property or to modify the loan.

2. For an Order permitting Movant, at its option, to offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law, said agreement would be non-recourse unless included in a reaffirmation agreement, and permitting Movant to

contact the Debtor via telephone or written correspondence to offer such an agreement.

3. For an Order that the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.

5. For attorneys' fees and costs incurred herein.

6. For such other relief as the Court deems proper.

Dated:  April 7, 2010                McCarthy & Holthus, LLP


By:  /s/ Christopher K. Lezak
    Christopher K. Lezak, Esq.
    Kristin A. Schuler-Hintz, Esq.
    Attorney for Secured Creditor
    US Bank National Association, as successor in interest to Wachovia Bank, NA as Trustee for GSAA Home Equity Trust 2005-14

4